IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMMANUEL GONZALEZ PEREZ, | ) | |
| | ) | Case No. 3:25-cv-00475 |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Kezia O. L. Taylor |
| | ) | |
| LEONARD ODDO, et al. | ) | |
| | ) | |
| *Respondents*. | ) | |

## **MEMORANDUM OPINION**

Petitioner Emmanuel Gonzalez Perez ("Petitioner"), who is currently detained at Moshannon Valley Processing Center, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. ECF No. 1. The Petition primarily involves a dispute over which section of the Immigration and Nationality Act ("INA") applies to Petitioner, namely 8 U.S.C. § 1225(b)(2)[1] or § 1226(a).[2] Respondents maintain that Petitioner is subject to mandatory

---

[1] Section 1225, titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing" states, in relevant part:
  (a) Inspection
    (1) Aliens treated as applicants for admission
      An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission.
         * * * *
  (b) Inspection of applicants for admission
    (1) Inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled.
         * * * *
    (2) Inspection of other aliens
      (A) In general
      Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

detention pursuant to Section 1225(b)(2), whereas Petitioner argues that his custody is governed by Section 1226(a), and therefore he is entitled to a bond hearing. For the following reasons, the Court will grant the Petition insofar as it seeks a finding that Petitioner's detention is governed by Section 1226(a) and that he is therefore entitled to a bond hearing before a neutral immigration judge.

A. **Background**

Petitioner is a 44-year-old native and citizen of Mexico who asserts that he entered the United States through Sonora, Arizona, without inspection, on May 22, 2006. ECF No. 1 ¶ 14. Petitioner was served with a Notice to Appear in November 2014, which charged his removability under Section 212(a)(6)(A)(i) of the INA as an alien present in the United States without being admitted or paroled. ECF No. 11-1 at 3-4. On or about May 31, 2017, Petitioner filed an application for asylum and for withholding of removal with the Executive Office for Immigration Review in Philadelphia, Pennsylvania. *Id*. at 4.

On September 17, 2025, Petitioner, who was under an order of supervision at the time, was taken into ICE custody. *Id*. at 3. He was informed that ICE planned to redetermine his

---

[2] Section 1226, titled "Apprehension and detention of aliens" states, in relevant part:
  (a) Arrest, detention, and release
      On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General- -
          (1) may continue to detain the arrested alien; and
          (2) may release the alien on - -
              (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
              (B) conditional parole; …

custody for the duration of his removal proceedings.  *Id*.  Petitioner was transported to Moshannon Valley Processing Center where has been detained since September 17, 2025.  ECF No. 11-3.  He had a merits hearing before an immigration judge in Elizabeth, New Jersey on December 29, 2025, at which time the immigration judge ordered his removal to Mexico.  ECF No. 18-4.  However, that order does not become final until one of the statutory requisites are met in 8 C.F.R. § 1241.1.

### B. Jurisdiction

The Supreme Court of the United States has explained that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Habeas relief applies to petitioners seeking relief from executive detention but not to petitioners seeking to remain in the United States.  *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 116-120 (2020).  The Court has jurisdiction in this case because Petitioner is contesting his detention and the violation of his due process rights, not the execution of his order of removal.

### C. Discussion

Petitioner admits that he is a citizen of Mexico who entered the United States without inspection, and the parties presumably agree that Respondents are currently detaining Petitioner pursuant to Section 1225(b)(2), and therefore holding him without a bond hearing.  Notably, Respondents are doing so because of interim guidance that DHS issued on July 8, 2025.[3]  That

---

[3] *See* https://www.aila.org/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last visited December 23, 2025).

guidance provides that all aliens who enter the country without being admitted or who otherwise arrive in the United States without proper documentation are considered "applicants for admission" and therefore subject to mandatory detention pursuant to Section 1225(b)(2).[4] *Id*. After this guidance was issued, the Board of Immigration Appeals (the "BIA") followed suit and adopted this interpretation of the law in *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220 (BIA 2025) (holding that noncitizens "who are present in the United States without admission are applicants for admission as defined under section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings."). For his part, Petitioner argues that he cannot be detained pursuant to Section 225(b)(2), and that he may only be detained pursuant to Section 1226(a), which requires a bond hearing. Therefore, the parties' dispute is fundamentally a dispute about statutory interpretation.

In short, the Court agrees with the overwhelming majority of district courts that have thus far considered this issue and concluded that Section 1226(a), rather than the mandatory detention provision of Section 1225(b), applies to noncitizens like Petitioner who is not seeking admission at a port of entry and has resided in the United States for years. There is no need to expand on the many well-reasoned opinions that have found the BIA's decision in *Hurtado* unpersuasive. *See Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (citing cases prior to October 22, 2025). For the reasons recently articulated by Judge Christopher Brown in *Vasquez Majia v. Noem*, 3:25-cv-333, 2025 WL 3546427 (W.D. Pa. Dec. 11, 2025), and Judge Stephanie Haines in *Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL

---

[4] Prior to July 8, 2025, it had been "DHS's longstanding practice of treating noncitizens arrested while living in the United States, including those who entered without inspection, as detained under Section 1226(a)." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1260 (W.D. Wash. 2025).

4

3628480 (W.D. Pa. Dec. 15, 2025), the undersigned finds that Petitioner's detention is governed by Section 1226(a).  Thus, he has a statutory right to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").  Accordingly, the Petition will be granted as follows.  No later than ten days from the date of the accompanying Order, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226.  If Petitioner is not provided with a bond hearing within ten days, or if the immigration judge declines to conduct a bond hearing based on *Hurtado*, Respondents shall immediately release Petitioner from custody.  A separate order will be issued.

Dated:  January 8, 2026.

/s/ Kezia O. L. Taylor
Kezia O. L. Taylor
United States Magistrate Judge

Cc:   Counsel of record
      (Via CM/ECF electronic mail)