IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMMANUEL GONZALEZ PEREZ, ) | |
| ) | Case No. 3:25-cv-00475 |
| *Petitioner*, ) | |
| ) | |
| v. ) | Magistrate Judge Kezia O. L. Taylor |
| ) | |
| LEONARD ODDO, et al., ) | |
| ) | |
| *Respondents*. ) | |

### MEMORANDUM ORDER

**I.    BACKGROUND**

Pending before the Court is Petitioner's "Status Report on Court-Ordered Immigration Bond Hearing," which this Court construes as a motion to enforce the Court's Order granting the Petition for Writ of Habeas Corpus (hereinafter referred to as "motion"). ECF No. 22. Petitioner's motion stems from this Court's Order dated January 8, 2026, which granted his Petition to the extent it sought an individualized bond hearing before an immigration judge. ECF No. 20. Pursuant to said Order, Petitioner received a custody redetermination hearing before an Immigration Judge ("IJ") on January 16, 2026. The IJ denied bond on the basis that Petitioner "failed to meet his burden of proving he is not a flight risk or that he is not a danger to the community." ECF No. 22-1 at 2. It is unclear if Petitioner appealed or will appeal the IJ's order to the Board of Immigration Appeals ("BIA"). Of note, the parties did not submit a copy of the hearing transcript, nor did they submit the IJ's "Bond Memorandum" in the event that Petitioner did file an appeal.

Petitioner asserts in his motion that his "bond hearing was fundamentally unfair because the [IJ] in her decision mischaracterized evidence in the record and there was no individualized determination of his interests." ECF No. 22 at 2. As relief, he requests that the Court "assume

jurisdiction over [his] custody and order him released." *Id*. at 3. Respondents filed a response in opposition to Petitioner's motion on February 2, 2026. ECF No. 24.

II.     **JURISDICTION**

The Immigration and Nationality Act ("INA") divests this Court of jurisdiction to review an IJ's discretionary decision-making with respect to bond. Specifically, 8 U.S.C. § 1226(e) states:

> (e) Judicial review
>
> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

As a general proposition, it is beyond reasonable dispute that a habeas court retains jurisdiction to enforce compliance with an order conditionally granting the writ. *See*, *e.g.*, *Fernandez Aguirre v. Barr*, No. 19-CV-7048, 2019 WL 4511933, at *3 (S.D.N.Y. Sept. 18, 2019). *Cf Satterlee v. Wolfenbarger*, 453 F.3d 362, 369 (6th Cir. 2006) (a conditional grant of a writ of habeas corpus "would be meaningless if a habeas court could not order a noncompliant state to release a prisoner."). *Accord Haskell v. Folino*, 461 F. Supp. 3d 202, 210-11 (W.D. Pa. 2020). However, there is little guidance from the United States Court of Appeals for the Third Circuit as to the interplay between this Court's authority to enforce its prior conditional grant of the writ, and Section 1226(e)'s bar of review of the IJ's discretionary bond decision.

But, in *Ghanem v. Warden Essex County Correctional Facility*, No. 21-1908, 2022 WL 574624 (3d Cir. Feb. 25, 2022), a non-precedential opinion, the Third Circuit discussed the scope of a federal habeas court's jurisdiction to review the outcome of an immigration bond hearing for compliance with an order conditionally granting federal habeas relief. It stated that "[a]lthough

2

we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, we may review whether the bond hearing was fundamentally unfair." *Id*. at *2 (citation footnotes omitted). Thus, this Court retains jurisdiction to review the bond hearing for fundamental fairness.

### III.  EXHAUSTION

Respondents argue that Petitioner should be required to exhaust his administrative remedies by seeking review of the bond proceedings with the BIA. ECF No. 24 at 5.

While Section 2241 does not include an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a Section 2241 petition. *Moscato v. Fed Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

But, it is not clear that there is any exhaustion issue here at all. This is not a newly-filed habeas petition in which Petitioner seeks habeas review of the IJ's decision denying bond. Instead, Petitioner is seeking relief from his detention on the basis that his detention is governed under 8 U.S.C. § 1226(a) and not § 1226(b), and, as to that issue, the writ has already been granted. ECF No. 17. Petitioner asks this Court to review the IJ's hearing for compliance with that Order. Accordingly, it appears there is nothing left for Petitioner to exhaust. *See*, *e.g.*, *Luciano-Jimenez v. Doll*, 543 F. Supp. 3d 69, 71 n.1 (M.D. Pa. 2021).

Moreover, to the extent that any exhaustion issue exists, exhaustion in this context is not mandatory, but prudential, and may be excused. *Chajchic v. Rowley*, No. 1:17-CV-457, 2017 WL 4401895, at *4 (M.D. Pa. July 25, 2017), *report and recommendation adopted*, 2017 WL

4387062 (M.D. Pa. Oct. 3, 2017).  Therefore, the Court concludes that the exhaustion doctrine does not bar this Court's review of Petitioner's motion.

## IV.   MERITS

First, Petitioner must be reminded that this Court "does not sit as a plenary tribunal conducting *de no* reviews of Immigration Judge bond decisions." *Chajchic*, 2017 WL 4401895, at *3.  Instead, the Court's role "is narrow." *Id*.  Federal courts retain the authority to review only whether a resulting immigration bond hearing was fundamentally unfair. *Ghanem*, 2022 WL 574624, at *2.  "In a fundamentally fair bond hearing, due process has three essential elements.  An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Id*. (citation footnote and internal quotation marks omitted).

Presumably, Petitioner does not contest element two.  Instead, Petitioner's arguments appear to rest on the first and third elements in that the IJ mischaracterized evidence in the record and did not provide him with an individualized bond hearing.  In support of his argument, Petitioner notes the following two examples where, in his opinion, the IJ "mischaracterized the record."  First, in stating that Petitioner was a flight risk, the IJ relied on the fact that Petitioner had failed to "comply" with a "Court Order" to proceed with a December 29, 2025 Individual Hearing when that was not the case.  Instead, Petitioner states that he had been given a short period of time to both find new counsel and present his case, and new counsel "merely vigorously represented him by asking the Immigration Court, via Motions to Continue and then Reconsider for a reasonable time to prepare and gather additional, previously unavailable

4

evidence." ECF No. 22 at 2. He states that in the end he was granted a total continuance of just four business days, and at his scheduled hearing, his counsel requested additional time to effectively represent him. *Id*. at 2-3. The Immigration Court denied the request and ordered deportation, and Petitioner appealed the rulings. *Id*. Second, he argues that the IJ "erroneously found that [he] was a flight risk due to lack of significant community ties" when there was ample evidence submitted to prove that he was not. *Id*. at 2.

Petitioner also notes the following example where, in his opinion, there was no individualized determination of his interests at the bond hearing. He maintains that he "has an unblemished history of compliance with the Immigration Court and ICE – spanning a period of several years, despite [the IJ's] erroneous conclusion." *Id*. at 3. While he had been convicted of disorderly conduct in 2014 and a DUI in 2021, he "had already been detained, released, and ordered to participate in the Intensive Supervision Appearance Program (ISAP) with ICE following these incidences." *Id*. at 2. He had "never missed a criminal or immigration court appearance, paid the $500 fine for his 2014 Disorderly Conduct conviction and paid all fines for his 2021 DUI conviction and completed all AA class requirements set by the Court." *Id* at 3. When ICE detained him in September 2025, "he was reporting for the routine ICE check ins he had attended continuously since his 2021 DUI arrest." *Id*.

Petitioner argues that the aggregate of these errors demonstrate that he was not afforded an individualized bond hearing in compliance with due process. However, upon review, Petitioner has not established that the IJ's bond hearing and subsequent denial of bond was fundamentally unfair.

The Court must remind the parties that a transcript of the bond hearing was not submitted and is therefore not in the record before the Court. The Court's review is limited to what is contained in the record before it; essentially, the parties' briefs, documents related to Petitioner's removal proceedings, the 145 pages of documents Petitioner submitted to the IJ for bond consideration, and the IJ's short order indicating in one sentence that Petitioner was denied bond because he "failed to meet his burden of proving he is not a flight risk or that he is not a danger to the community." ECF No. 24-1. Without the transcript of the bond hearing or a written decision by the IJ explaining her reasons for denying bond, the Court is unable to know the rationale behind the IJ's decision. Essentially, Petitioner is asking this Court to simply credit his understanding as to what he believes the IJ's rationale was for denying bond. It is Petitioner's burden to prove that he is entitled to the relief he is seeking, and he cannot do so by providing no record evidence to support the assertions made in his brief.

Nevertheless, even taking his arguments at face value, the IJ's determination as to Petitioner's flight risk or dangerousness does not appear to rest on "plain legal error by misidentifying or misapplying the relevant legal precepts." *Romero v. Ogle*, No. 1:21-CV-01192, 2021 WL 8362027, at *2 (M.D. Pa. Nov. 12, 2021). The IJ's determination does not appear to lack a rational basis. *Id*. at *3.

Despite Petitioner's fervent attempts to characterize his arguments to the contrary, they are in essence all challenges to the weight of the evidence which are discretionary determinations beyond this Court's review. This motion does not provide an opportunity for this Court to reweigh the evidence submitted at the bond hearing, or to review the IJ's determination *de novo*. *Id*.; *see also Chajchic*, 2017 WL 4401895, at *3; *Ghanem*, 2022 WL 574624, at *2 ("A motion to

6

enforce a judgment is not the proper avenue to relitigate the merits of a bond order.") His "evidentiary quibbles fail to demonstrate that the government deprived [him] of a fundamentally fair bond hearing[.]" *Ghanem*, 2022 WL 574624, at *2.

Furthermore, the IJ was not required to consider less restrictive alternatives to detention. The Ninth Circuit case that Petitioner cites, *Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017), is not binding on this Court and is distinguishable because it involved a group of plaintiffs who, unlike Petitioner, were actually granted bond but could not afford it in the amount set by the IJ.

Finally, the argument made in Petitioner's reply brief, that the Justice Department has fired hundreds of Immigration Judges since January 20, 2025, and every remaining IJ "now adjudicates cases with one eye on job security," ECF No. 25 at 2, is nothing more than speculation that the IJ who presided over his bond hearing was influenced by the Department of Justice or was motivated out of fear of losing her position.

While this Court does not express any opinion on whether the IJ came to the correct conclusion, based solely on the record before the Court, the bond hearing was not fundamentally unfair. Therefore, the motion will be denied.

## V. CONCLUSION

For the reasons set forth herein, the motion will be denied. It is important, however, to reiterate that this order is not a ruling on the merits of the IJ's decision to deny bond. Such a determination is beyond the scope of this Court's review and must be left to the BIA. Accordingly, nothing in this Order should be read to interfere with the BIA's review of the merits of the IJ's decision denying bond.

7

## **ORDER**

AND NOW, this 20th day of February, 2026, IT IS HEREBY ORDERED that Petitioner's Motion to Enforce, ECF No. 22, is DENIED.

/s/ Kezia O. L. Taylor
Kezia O. L. Taylor
United States Magistrate Judge

Cc:     Counsel of record
        (Via CM/ECF electronic mail)